# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 14, 2013

Lyle W. Cayce
Clerk

No. 12-40508
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JERRY LESTER JACKSON,

Defendant-Appellant

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 4:09-CR-136-2

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Jerry Lester Jackson, proceeding pro se, appeals his conviction for conspiracy to possess with intent to distribute five kilograms or more of cocaine, arguing that the evidence was insufficient to support his conviction. A review of the evidence in the light most favorable to the verdict indicates that a rational trier of fact could have found beyond a reasonable doubt that Jackson was guilty as charged. *See United States v. Thomas*, 690 F.3d 358, 366 (5th Cir. 2012); *United States v. Jara-Favela*, 686 F.3d 289, 301 (5th Cir. 2012). The evidence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

overwhelmingly established that Jackson, Lonnie Johnson, and numerous other coconspirators pooled their money to purchase kilograms of powder cocaine at a lower price from sources in Dallas and Fort Worth, Texas, including Benito Figueroa and Salvador Alvarez. Alvarez delivered the cocaine to Johnson and others at three stash houses. After Johnson, Jackson, and others obtained the powder cocaine, they used the houses on Jo Lyn Street to store it, convert it into crack cocaine, and sell it to their own individual customers. Although the evidence did not establish that Jackson personally knew the conspirators named in the indictment, the evidence established that he was aware that there were other participants in a large scale conspiracy in which numerous persons agreed to possess large quantities of cocaine with the intent to distribute it as charged in the indictment. The Government was not required to prove that Jackson knew all the details of the objectives of the conspiracy or the identity of all coconspirators, as long as he knowingly participated in some fashion in the larger objectives of the conspiracy. *See United States v. Brown*, 553 F.3d 768, 781 (5th Cir. 2008); *United States v. Rodriguez*, 553 F.3d 380, 391 n.4 (5th Cir. 2008).

Next, Jackson argues that there was a material variance between the allegations of a single conspiracy in the indictment and the trial evidence which allegedly proved multiple conspiracies. He has not shown that there was a material variance between the indictment and the trial evidence as the evidence established Jackson's involvement in a single conspiracy with the common goal of possession with intent to distribute cocaine. *See United States v. Morris*, 46 F.3d 410, 414-15 (5th Cir. 1995). The evidence established that there was a common scheme and continuous operation that required the actions of the suppliers as well as the purchasers, who then converted the powder cocaine to crack cocaine and distributed it to their customers. *See id.* Further, there were core participants, including Figueroa, Alvarez, and Johnson, who supplied cocaine to Jackson and others. *See id.* at 416. Moreover, because Jackson was

tried alone, there was no danger of transference of guilt from one codefendant to another, and he cannot show any error under the rules of joinder and severance. *See United States v. Mitchell*, 484 F.3d 762, 770-71 (5th Cir. 2007). Additionally, because the Government provided Jackson's counsel with the witnesses' debriefing statements, Jackson has not shown that any variance affected his substantial rights because he was not surprised by the witnesses' testimony concerning persons and dates not alleged in the indictment. *See United States v. Valencia*, 600 F.3d 389, 432 (5th Cir. 2010).

The remaining claims raised by Jackson are raised for the first time on appeal and therefore are reviewed for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To show plain error, Jackson must demonstrate that the district court committed an error that was clear or obvious, and that affected his substantial rights. *Id.* If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity or public reputation of judicial proceedings. *Id.*

According to Jackson, the district court erred in admitting hearsay statements in the plea agreements. Because the plea agreements were not introduced to prove the truth of the matter asserted, they were not hearsay. *See United States v. Gonzalez*, 967 F.2d 1032, 1035 (5th Cir. 1992). The district court also instructed the jury that the accomplices' guilty pleas were not evidence of the guilt of any other person. Regardless, Jackson has not shown reversible plain error as he has not shown that the error affected his substantial rights in light of the overwhelming evidence of his guilt. *See Puckett*, 556 U.S. at 135.

Next, Jackson argues that the district court erred in not giving a jury instruction on the proper use of his coconspirators' plea agreements at the time they were admitted into evidence. The district court's failure to sua sponte give a limiting instruction when the plea agreements were admitted into evidence did not constitute plain error. *See United States v. Lucas*, 516 F.3d 316, 324 (5th

Cir. 2008). The district court's actual instruction fairly and adequately covered the issue presented. *See United States v. Simkanin*, 420 F.3d 397, 410 (5th Cir. 2005). Jackson's reliance on *United States v. Harrell*, 436 F.2d 606, 614 (5th Cir. 1970), is misplaced as it is easily distinguished. Unlike in *Harrell*, the plea agreements were introduced to blunt their impact on the credibility of the witnesses, and the district court gave an instruction limiting the jury's consideration of the witnesses' guilty pleas.

In his next argument, Jackson contends that the admission of Agent Martinez's testimony concerning Lonnie Johnson's post-arrest statement violated the Confrontation Clause. Even if the admission of Agent Martinez's testimony violated the Confrontation Clause, Jackson has not shown reversible plain error. In light of the overwhelming evidence of his guilt, he has not shown a reasonable probability that but for the Confrontation Clause violation, the result of the proceeding would have been different. *See United States v. Martinez-Rios*, 595 F.3d 581, 587 (5th Cir. 2010).

Jackson also argues that the district court erred in permitting the introduction of evidence of other similar crimes that occurred prior to the dates alleged in the indictment, in violation of Federal Rule of Evidence 404(b). The Government presented the evidence as direct evidence that the conspiracy and Jackson's involvement in it began before the date alleged in the indictment and continued through the date alleged in the indictment and within the five-year statute of limitations period. Because the evidence established that the conspiracy continued through the time stated in the indictment, the district court did not err in admitting it. *See United States v. Girod*, 646 F.3d 304, 316 (5th Cir. 2011); *United States v. Lokey*, 945 F.2d 825, 832 (5th Cir. 1991). Further, because the Government provided all of its witnesses' debriefing statements to Jackson, any variance between the dates in the indictment and the evidence did not affect his substantial rights because he was not surprised by the evidence. *See Valencia*, 600 F.3d at 432.

Additionally, Jackson argues that the prosecutor made the following misstatements during closing argument: (1) Alvarez testified he dealt directly with Jackson after Johnson was arrested on murder charges, and (2) Rodgers testified that he and Jackson sold cocaine to each other. Because the statements at issue were an isolated, small portion of the overall closing argument, and because the evidence of Jackson's guilt was overwhelming, the prosecutor's remarks did not "cast serious doubt on the correctness of the jury's verdict." *See United States v. Gracia*, 522 F.3d 597, 603 (5th Cir. 2008) (internal quotation marks and citation omitted); *see also United States v. Mendoza*, 522 F.3d 482, 492 (5th Cir. 2008).

Finally, Jackson argues that his trial counsel was ineffective in that he did not object to the introduction of Agent Martinez's testimony as a violation of the Confrontation Clause; he failed to discuss the defense with Jackson and failed to investigate information relevant to Jackson's defense, such as the credibility of the Government's witnesses; and he failed to investigate the facts, interview witnesses, and seek independent tests of the alleged controlled substances. Because Jackson's ineffective assistance claims were not presented to the district court, we decline to review them at this time. *See United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006).

In one sentence, Jackson states that the district court committed clear error in misapprehending its authority to grant a downward departure pursuant to 18 U.S.C. § 3553(a) and U.S.S.G. § 4A1.3. Jackson has abandoned this issue on appeal by failing to brief it adequately. *See United States v. Green*, 964 F.2d 365, 371 (5th Cir. 2002).

AFFIRMED.